CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Walter Sanchez**, <br><br> Plaintiff, <br><br> v. <br><br> **Vallarta Properties, LLC,** a California Limited Liability Company; **Vallarta Food Enterprises, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Walter Sanchez complains of Defendants Vallarta Properties, LLC; Vallarta Food Enterprises, Inc.; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He suffers from a spinal cord injury and uses a wheelchair for mobility.

2. In June 2015, Defendant Vallarta Properties, LLC was the real property

1

Complaint

owner of the building/parcel located at or about 38118 47th St. East, Palmdale, California, where Vallarta Supermarket (hereinafter referred to as the "Supermarket") was located.

3.   Currently, Defendant Vallarta Properties, LLC is the real property owner of the building/parcel located at or about of 38118 47th St. East, Palmdale, California.

4.   In June 2015, Defendant Vallarta Food Enterprise, Inc. was the business owner of the Supermarket.

5.   Currently, Defendant Vallarta Food Enterprises, Inc. is the business owner of the Supermarket.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Supermarket is a facility open to the public, a place of public accommodation, and a business establishment.

11. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of the Supermarket.

12. Unfortunately, the parking lot serving the Supermarket is not accessible to persons with disabilities.

13. In June 2015, Defendants had failed to maintain the parking spaces in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

14. In June 2015, the standard disabled spaces measured less than 216 inches in length.

15. In June 2015, the access aisles serving the standard disabled spaces measured less than 216 inches in length.

16. In June 2015, the van accessible spaces measured less than 216 inches in length.

17. In June 2015, the access aisles serving the van accessible spaces measured less than 216 inches in length.

18. Currently, Defendants have failed to maintain the parking spaces in compliance with the ADAAG.

19. Currently, the standard disabled spaces measure less than 216 inches in length.

20. Currently, the access aisles serving the standard disabled spaces

Complaint

measure less than 216 inches in length.

21. Currently, the van accessible spaces measure less than 216 inches in length.

22. Currently, the access aisles serving the van accessible spaces measure less than 216 inches in length.

23. Transaction counters are also one of the facilities, privileges, and advantages offered to patrons at the Supermarket.

24. In June 2015, the cashier counter at the Supermarket were more than 36 inches in height.

25. In June 2015, there was no lowered, 36-inch or lower portion of the cashier counter at the Supermarket for use by persons with disabilities.

26. In June 2015, the butcher counter in the meat and seafood department was more than 36 inches in height.

27. In June 2015, there was no lowered, 36-inch or lower portion of the butcher counter for a person with disabilities to use, to interact with store personnel, or to receive his order.

28. Additionally, in June 2015, there was a ticket dispenser placed on the counter in the butcher area for patrons to take a serving number.

29. However, in June 2015, the ticket dispenser was more than 48 inches above the finish floor and was not effectively used by wheelchair users.

30. Currently, the cashier counter at the Supermarket is more than 36 inches in height.

31. Currently, there is no lowered, 36-inch or lower portion of the cashier counter at the Supermarket for use by persons with disabilities.

32. Currently, the butcher counter in the meat and seafood department is more than 36 inches in height.

33. Currently, there is no lowered, 36-inch or lower portion of the butcher counter for a person with disabilities to use, to interact with store personnel, or

Complaint

to receive his order.

34. Additionally, there is currently a ticket dispenser placed on the counter in the butcher area for patrons to take a serving number.

35. However, the ticket dispenser is currently more than 48 inches above the finish floor and is not effectively used by wheelchair users.

36. Plaintiff visited the Supermarket in June 2015.

37. Plaintiff personally encountered these violations and they denied him full and equal access.

38. Because of the inaccessible conditions, Plaintiff was forced to ask other customers for help.

39. Because of the inaccessible conditions, Plaintiff had difficulty buying and paying goods at the Supermarket.

40. Restrooms are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Supermarket.

41. And although Plaintiff did not personally confront the barriers within, Plaintiff alleges that the restroom at the Supermarket is inaccessible to persons with disabilities.

42. In June 2015, not all of the plumbing underneath the sinks was wrapped to protect against burning contact.

43. Currently, not all of the plumbing underneath the sinks is wrapped to protect against burning contact.

44. Plaintiff would like to return and patronize the Supermarket but will be deterred from visiting until the defendants cure the violations.

45. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of

Complaint

access if complete removal were not achievable.

46. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

47. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

48. Plaintiff is and has been deterred from returning and patronizing the Supermarket because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Supermarket as a customer once the barriers are removed.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

49. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

Complaint

complaint.

50. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

51. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the

Complaint

parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2. The access aisle must extend the full length of the parking spaces it serves. Id. at § 502.3.2.

52. Here, the failure to provide compliant parking spaces and access aisles is a violation of the ADA.

53. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

54. Here, no such accessible cashier counter has been provided in violation of the ADA.

55. In areas used for transactions that may not have a cash register but at which goods or services are sold or distributed, the business must provide either: (1) a portion of the main counter which is a minimum of 36 in inches length shall be provided with a maximum height of 36 inches; or (2) an auxiliary counter with a maximum height of 36 inches in close proximity to the main counter; or (3) some sort of qualifying equivalent facilitation. 1991 Standards § 7.2(2). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and

Complaint

36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

56. Here, no such accessible transaction counter has been provided in violation of the ADA.

57. Ticket dispensers are covered by the height/reach requirements of the 1991 Standards § 4.27 and 2010 Standards § 308.3 for control or operating mechanisms. If the clear floor space allows parallel approach by a person in a wheelchair, and the high-side reach is obstructed, the maximum high side reach allowed shall be 48 inches.

58. Here, the failure to provide an accessible ticket dispenser is a violation of the ADA.

59. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards § 606.5.

60. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

61. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

62. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

63. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

Complaint

64. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

65. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: February 11, 2016               CENTER FOR DISABILITY ACCESS

                                       By: _____
                                       Mark Potter, Esq.
                                       Attorneys for Plaintiff

Complaint